UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTONIO WOOTEN, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:24-cv-01349-MTS |
| LAURENT JAVOIS, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER FOR PETITIONER TO SHOW CAUSE

Before the Court is Petitioner Antonio Wooten's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, and Motion to Appoint Counsel. For the reasons explained below, the Court will order Petitioner to show cause why the Petition should not be dismissed and deny his Motion for Appointment of Counsel without prejudice.

### Background

Petitioner receives care at the St. Louis Forensic Treatment Center – South in St. Louis. He prepared the Petition using a Court-provided form, as required. The Petition was received and docketed in this Court on October 07, 2024.

Where the form prompts Petitioner to identify the judgment of conviction he is challenging, he wrote: "Municipal Court." Doc. [1] at 1. He wrote "N/A" in the spaces provided to identify the docket or case number and the date of the judgment of conviction. *Id.* In the space provided to identify the date of sentencing, Petitioner wrote: "About 30 years ago." *Id.* He indicated he pleaded not guilty by reason of insanity to a burglary charge and did not seek direct or collateral review.

The Petition contains two grounds for relief. In Ground One, Petitioner wrote "Burglary" and asserted: "public defender pleaded NGRI without my consent no Miranda warning." *Id.* at 4 (cleaned up). In Ground Two, Petitioner asserted: "Burglary charge should not be a lifetime

sentence – NGRI." *Id.* at 6 (cleaned up).  Where the form petition prompted Petitioner to explain why the one-year statute of limitations in 28 U.S.C. § 2244(d) did not bar his Petition, he wrote: "was unaware of timely motion." *Id.* at 13.  As relief, Petitioner seeks "Discharge." *Id.* Nothing in the Petition indicates that Petitioner seeks conditional or unconditional release.

Independent review of Missouri Case.net shows an appellate case styled *Wooten v. State of Missouri*, No. WD53391 (Mo. Ct. App. 1996) that was filed on September 27, 1996, and voluntarily dismissed on May 01, 1997.  The Court is unable to review any documents in that case.

**Discussion**

Based on Petitioner's averments, it appears the Petition is time-barred.  Under 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Nothing in the Petition suggests that subsections (B), (C), or (D) could apply.  And because Petitioner states he challenges a 30-year-old judgment of conviction, it does not appear the Petition can be considered timely under 28 U.S.C. § 2244(d)(1)(A).  The Court will give

2

Petitioner the opportunity to show cause why the Petition should not be dismissed as time barred. *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (district court must give notice to petitioner before sua sponte dismissing petition as time-barred).

The Court now addresses Petitioner's Motion for the Appointment of Counsel. There is no constitutional right to appointed counsel in a habeas action. *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994); *see also Martin v. Fayram*, 849 F.3d 691, 699 (8th Cir. 2017) (discussing the district court's discretion to appoint counsel). Instead, a district court may appoint counsel to represent a financially eligible habeas petitioner if the court determines that the "interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). *See also* 28 U.S.C. § 2254(h); *Wiseman v. Wachendorf*, 984 F.3d 649, 655 (8th Cir. 2021). In this case, it appears the Petition is untimely, and there is no indication that the interests of justice require the appointment of counsel currently. The Court will deny the Motion without prejudice and entertain future such motions, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner must show cause, in writing and no later than **Friday**, **February 14, 2025**, why his Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus should not be dismissed. Petitioner's failure to timely comply with this Order will result in the dismissal of this case without further notice.

**IT IS FURTHER ORDERED** that Petitioner's Motion for the Appointment of Counsel, Doc. [3], is **DENIED** without prejudice.

Dated this 15th day of January 2025.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

3