**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

ANTONIO WOOTEN,                              )
                                             )
       Petitioner,                           )
                                             )
    v.                                       )     No. 4:24-cv-01349-MTS
                                             )
LAURENT JAVOIS,                              )
                                             )
       Respondent.                           )

## MEMORANDUM AND ORDER

Before the Court is Petitioner Antonio Wooten's response to the January 15, 2025,

Order directing him to show cause why his Petition Under 28 U.S.C. § 2254 for Writ of

Habeas Corpus should not be dismissed.  Having reviewed and considered Petitioner's

response, the Court has decided to dismiss the Petition without further proceedings.

### Background

Petitioner receives care at the St. Louis Forensic Treatment Center – South in St.

Louis, Missouri.  As explained in detail in the Court's January Order, Doc. [8], Petitioner

states he challenges a state-court judgment entered "[a]bout 30 years ago" in "Municipal

Court."  Doc. [1] at 1.  His grounds for relief relate to that judgment, and there is no

indication that he seeks conditional or unconditional release pursuant to remedies available

to him.  In January Order, the Court explained that the Petition could not be considered

timely under any provision of 28 U.S.C. § 2244(d), and the Court directed Petitioner to

show cause why it should not be dismissed.

In the response now before the Court, Petitioner states he was "struck by a [illegible]

blow" because of his race and his status as a "Moorish American," and that would not have happened if he had been given a *Miranda*\* warning.  Doc. [9].  He states the usual sentence for burglary is twelve years, but he served over thirty, resulting in a "miscarriage of justice."  *Id.*  He states this Court should therefore "grant petitioner discharge."  *Id.*

## Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year limitations period on § 2254 petitions.  28 U.S.C. § 2244(d).  The limitations period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*  Petitioner has made no attempt to show that his Petition is timely under any provision of § 2244(d).  Further, Petitioner has made no attempt to demonstrate entitlement to equitable tolling, which provides otherwise time-barred petitioners with "an exceedingly narrow window of relief."  *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001) (citing

---

\* *Miranda v. Arizona,* 384 U.S. 436 (1966).

2

*Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000)).

The Court finds that the Petition is untimely, and Petitioner has failed to show cause why it should not be dismissed. The Court will therefore dismiss the Petition without further proceedings. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Petitioner has not shown that jurists of reason would find it debatable whether the Petition states a valid claim of the denial of a constitutional right and whether this Court's procedural ruling is correct. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED AND DISMISSED** without prejudice. A separate Order of Dismissal will be filed with this Memorandum and Order.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 19th day of February 2025.

_____

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

3